UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN BRADLEY,

         CIVIL CASE NO. 04-40138

    Plaintiff,

         HONORABLE PAUL V. GADOLA
v.          U.S. DISTRICT JUDGE

MACOMB COUNTY, MACOMB COUNTY
SHERIFF MARK HACKEL, in his
official and individual
capacity, and WILLIAM G. YUNKER,
in his official and individual
capacity,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT YUNKER'S MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS

Before the Court is Defendants' motion for summary judgment. The Court held a hearing on this motion on May 11, 2005. At the hearing, the Court denied without prejudice the motion brought by Defendant Macomb County and Macomb County Sheriff Mark Hackel for the reasons stated on the record. Remaining before the Court is the motion by Defendant William G. Yunker to dismiss based on the statute of limitations. Because the Court finds that the amended complaint relates back to the original complaint, the Court will deny the motion.

**I. BACKGROUND**

Plaintiff brings this case against Macomb County, Macomb

County Sheriff Mark Hackel, and William Yunker, alleging that excessive force was used against him in the Macomb County Jail on August 23, 2001, in violation of his Eighth Amendment rights under the Constitution of the United States.  Plaintiff claims that he suffered an injury for which he claims relief pursuant to 42 U.S.C. § 1983.

The following facts are gleaned from Plaintiff's allegations in the amended complaint.  Plaintiff Shawn Bradley was arrested on August 23, 2001 for "impaired driving."  Am. Compl. at ¶ 10.  He was taken to the Macomb County Jail.  Id.  Plaintiff was worried about jail officials taking his "fence job deposits in the amount of two thousand ($2,000.00) dollars" and kept requesting to speak with a commander regarding the money.  Id. at ¶ 12-14.

Defendant Yunker allegedly grabbed Plaintiff, who was still in handcuffs, by the face and "smashed the back of Plaintiff's head into the wall."  Id. at ¶ 15-16.  Plaintiff fell to the floor, unconscious.  Id. at 16.  Plaintiff then awoke "choking on 'smelling salts,' with one stuffed up his nose."  Id. at ¶ 17.  A nurse "looked him over" and asked Plaintiff "if he needed to go to the hospital."  Id. at ¶ 18.  Plaintiff responded that he did, but allegedly did not receive medical treatment "for some time" after his request.  Id. at ¶ 18-19.

Plaintiff filed his complaint in this case on May 17, 2004,

against Macomb County, Macomb County Sheriff Mark Hackel, and Raymond Springer.  Notably, the original complaint was not brought against William G. Yunker.  The original complaint claimed that Defendant Springer, not Defendant Yunker, "smashed" Plaintiff's head against a wall.

Plaintiff's response brief states that "Plaintiff repeatedly represented to his counsel that the name of the officer who assaulted him was Officer Springer."  Resp. at 1.  Plaintiff allegedly served Defendants with interrogatories on about July 20, 2004.  See May 11, 2005 Hearing.  Defendants produced their answers on August 17, 2004.  Certain documents, however, including the jail incident report that identified Defendant Yunker, were sent on August 26, 2004, and received by Plaintiff's counsel on August 31, 2004. Pl. Resp. at 2.  Plaintiff's counsel did not request defense counsel's stipulation about amending the complaint to include Defendant Yunker until September 30, 2004. Def. Reply at 2; Ex. 2.

Plaintiff did not file a complaint against Defendant Yunker until the filing of the amended complaint on October 6, 2004.  The amended complaint omitted any claims against Defendant Springer, and Defendant Springer is no longer a party to the lawsuit. Defendant Yunker now seeks summary judgment based on the fact that the statute of limitations expired before a complaint was brought against him.

3

**II.   LEGAL STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. Id. at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. Id. at 1435.

A fact is "material" for purposes of summary judgment if proof

of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. Id.; Feliciano v. City of Cleveland, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see Celotex, 477 U.S. at 322-23; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 586-87 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. Lucas v. Leaseway Multi Transp. Serv., Inc., 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995).

**III. ANALYSIS**

The Sixth Circuit has stated that "[i]t is well established that the appropriate statute of limitations for actions under § 1983 is the state statute of limitations applicable to personal injury actions." Jones v. Hamtramck, 905 F.2d 908, 909 (6th Cir. 1990) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)). The Sixth Circuit further noted that "Michigan has a three-year statute of limitations for personal injury claims." Id.; see Mich. Comp. Laws § 600.5805(10).

The alleged injury in this case occurred on August 23, 2001. Thus, the three-year statute of limitations expired on August 23, 2004. The complaint against Defendant Yunker was not filed until

October 6, 2004. Defendant therefore argues that the claims against Defendant Yunker should be dismissed. Plaintiff makes two arguments in response: that the October 6, 2004 amended complaint relates back to the May 17, 2004 complaint and is therefore within the statute of limitations, and that Plaintiff's mental condition warrants tolling the statute of limitations.

The Court will first address the argument regarding Plaintiff's mental condition, which the Court determines to be without merit. Michigan law provides that "if the person first entitled to make an entry or bring an action under this act is . . . insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run." Mich. Comp. Laws § 600.5851(1). Michigan law defines "insane" as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." Mich. Comp. Laws § 600.5851(2).

In this case, Plaintiff claims to have "a long history of aneurism, seizure, and other brain maladies." Resp. at 9. Plaintiff also provides a neuropsychological evaluation of January 12, 2001, indicating that Plaintiff has "moderate mental

retardation." Pl. Ex. J. First of all, it is unclear from the exhibits presented that this condition endured consistently for the three years during which the statute of limitations was running.

Even assuming that the reports remained true throughout those years, the disabilities in the report do not rise to the level of insanity. That is, Plaintiff is not so mentally deranged as to prevent him from comprehending his rights. Plaintiff's exhibits indicate that Plaintiff has a girlfriend and "is reportedly able to take care of his daily needs, such as bathing, dressing himself, and brushing his teeth." Pl. Ex. J. While the report describes impairments, it does not indicate that Plaintiff was unable to comprehend that he had rights against those who allegedly injured him. Plaintiff's response brief even states that "Plaintiff repeatedly represented to his counsel" the name of the officer who allegedly assaulted him. Pl. Resp. at 1. Although Plaintiff was incorrect about the name, this statement indicates that Plaintiff was able to articulate his rights.

Furthermore, as Defendant suggests in reply, Plaintiff has offered no date on which the alleged condition of insanity has been removed. If Plaintiff remains insane, then he would lack the capacity to sue. Fed. R. Civ. P. 17(b); Mich. Ct. R. 2.201(B), (E) ("If the [] incompetent person does not have a conservator to represent the person as plaintiff, the court shall appoint a

competent and responsible person to appear as next friend on his or her behalf, and the next friend is responsible for the costs of the action."). Plaintiff, however, brings this present action in his own capacity, without a representative. Thus, Plaintiff must have been competent on or before May 17, 2004, when this action was filed. Having reviewed the exhibits, the Court determines that Plaintiff has not shown sufficient mental derangement to warrant his being considered insane. Consequently, Plaintiff's argument on this basis for the tolling of the statute of limitations is rejected.

Plaintiff next argues that the amended complaint filed on October 6, 2004 "relates back" to the original complaint filed on May 17, 2004, and is therefore timely. Rule 15(c) of the Federal Rules of Civil Procedure provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
>    (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
>    (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
>    (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

  (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

  (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). Because the amendment at issue changes a party in this case, section (3) applies. Therefore, the Court will examine the requirements of this section.

The first requirement is that "provision (2) is satisfied," that is, that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). This provision is satisfied because the same conduct of the alleged head smash is alleged.

Next, the Court must determine whether "within the period provided by Rule 4(m) for service of the summons and complaint," requirements (A) and (B) have been met. Rule 4(m) provides for 120 days after the filing of the complaint to effectuate service. This 120-day period expired on September 14, 2004. Thus, the Court must discern whether by September 14, 2004 Defendant Yunker "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits" and

10

whether Defendant Yunker "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" him.  Fed. R. Civ. P. 15(c)(3).

It appears uncontested that Plaintiff had the information regarding Defendant Yunker on August 31, 2004.  Pl. Resp. at 2.  Thus, Plaintiff still had two weeks within the time period set forth by the rule to review the materials and be able to amend the complaint before September 14, 2004.  Plaintiff, however, did not seek to amend the complaint until September 30, 2004, more than two weeks after the September 14, 2004 deadline.

Even though the complaint was not amended before the September 14, 2004 deadline, Plaintiff may still show that Defendant Yunker had notice before the September 14, 2004 deadline and that he would not be prejudiced by the amendment.  As the Sixth Circuit has stated,

> Rule 15(c) does **not** require that the new defendants received actual notice.  See <u>Kirk [v. Cronvich]</u>, 629 F.2d [404,] 407 [(5th Cir. 1980)].  It is enough that the new defendants received constructive notice of the suit.  <u>Seber v. Daniels Transfer Co.</u>, 618 F. Supp. 1311, 1314 (W.D. Pa. 1985) (Company officers had constructive notice through suit against company).  Under some circumstances, notice can also be imputed to a new defendant.  See <u>Kirk</u>, 629 F.2d at 408 (Notice imputed to new defendants through attorney representing original defendants).  **Even more pertinent to this case, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice.**

11

Berndt v. Tennessee, 796 F.2d 879, 884 (6th Cir. 1986) (emphasis added).  In this case, the new Defendant Yunker is alleged to have committed the exact same act that the original complaint alleged against Defendant Springer.  Defendant Yunker works for Macomb County, and the County had notice of the original complaint.

Defense counsel represented Defendant Springer before he was terminated from the case and currently represents all the named Defendants.  Defense counsel appears to have known of the mistake in identifying Defendant Springer: in response to Plaintiff's interrogatories, Defendant Springer responded through counsel that he was never disciplined for the alleged incident because "Defendants deny that an incident involving Raymond Springer took place."  Pl. Ex. E at 5 (emphasis added).  It can be inferred from this statement and the documents produced in discovery that Defendants knew that Defendant Yunker, not Defendant Springer, should have been named as a Defendant in the lawsuit.  The Court concludes that under Berndt v. Tennessee, 796 F.2d 879, 884 (6th Cir. 1986) knowledge of the lawsuit can be imputed to Defendant Yunker.

Defendant cites to Doe v. Sullivan, 956 F.2d 545 (6th Cir. 1992) as authority for the argument that the amendment in this case should not relate back to the original case.  In Doe, however, the

12

alleged wrongful conduct occurred over a number of days by a number of different Defendants. In contrast, this case involves a particular incident on one day. Plaintiff simply identified the incorrect officer involved in the one incident. The Court finds the Doe case to be distinguishable. Under the imputed notice doctrine of Berndt v. Tennessee, 796 F.2d 879, 884 (6th Cir. 1986), the Court finds that notice can be imputed to Defendant Yunker.

The final requirement is that Defendant Yunker "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" him. Given the specificity of the incident alleged, the Court determines that Defendant Yunker knew or should have known of the action before the expiration of the 120-day period. Thus, all of the requirements for the relation back of the complaint under Federal Rule of Civil Procedure 15(c) have been met. The Court concludes that the amended complaint relates back to the original complaint in this case, and that the claims against Defendant Yunker should not be dismissed based on the statute of limitations. Therefore, the Court will deny Defendant Yunker's motion on this ground.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Yunker's motion for summary judgment based on the statute of limitations [docket entry 11] is **DENIED.**

**IT IS FURTHER ORDERED** that, for the reasons stated on the

record at the May 11, 2005 hearing, the motion for summary judgment brought by Defendant Macomb County and Macomb County Sheriff Mark Hackel [docket entry 11] is **DENIED WITHOUT PREJUDICE.**

Dated: May 17, 2005            s/Paul V. Gadola
                               HONORABLE PAUL V. GADOLA
                               UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 17, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:      Frank W. Brochert; Christopher J. Trainor           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                     .

                               s/Ruth A. Brissaud
                               Ruth A. Brissaud, Case Manager
                               (810) 341-7845